***E-FILED - 8/12/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILBERT NOBLE, | ) | No. C 06-7114 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | RESPONDENT'S MOTION TO |
| vs. | ) | DISMISS |
| | ) | |
| | ) | |
| DARREL G. ADAMS, Warden, | ) | |
| | ) | (Docket No. 16) |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as untimely, and petitioner filed an opposition.[1] Based upon the papers submitted, the court concludes that the petition is untimely and will DISMISS the instant petition pursuant to 28 U.S.C. §2244(d).

## **BACKGROUND**[2]

Petitioner was convicted by a Santa Clara Superior Court jury of aggravated sexual assault of a child (Cal. Penal Code § 269(a)(1)), lewd and lascivious acts with a child

---

[1] Respondent did not file a reply.

[2] This factual background is not disputed by the parties.

1  under fourteen (Cal. Penal Code § 288(a)), and false imprisonment (Cal. Penal Code §§
2  236, 237). Petitioner was sentenced to twenty-five years in state prison on March 26,
3  2003. On February 11, 2004, the California Court of Appeal affirmed petitioner's
4  conviction and sentence, and on April 21, 2004, the California Supreme Court denied a
5  petition for review. (Resp. Exs. 1 & 2.)

6  On June 23, 2005, petitioner mailed a petition for a writ of habeas corpus to the
7  Santa Clara County Superior Court,[3] and it was denied on July 25, 2005. (Resp. Exs. 3 &
8  4.) On September 8, 2005, petitioner mailed a second petition for a writ of habeas corpus
9  to the Santa Clara County Superior Court, which was denied on October 28, 2005. (Resp.
10 Exs. 5 & 6.) Thereafter, he filed a petition for a writ of habeas corpus in the California
11 Court of Appeal on December 12, 2005, which was denied on February 1, 2006. (Resp.
12 Exs. 7 & 8.) Finally, he filed a petition for a writ of habeas corpus in the California
13 Supreme Court on February 21, 2006, which was denied on October 18, 2006. (Resp.
14 Exs. 9 & 10.)

15 The instant federal habeas petition was filed on November 16, 2006.

## DISCUSSION

17 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became
18 law on April 24, 1996 and imposed for the first time a statute of limitations on petitions
19 for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging
20 non-capital state convictions or sentences must file petitions for relief within one year
21 from the date on which the judgment became final by the conclusion of direct review or
22 the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[4]

---

[3] For purposes of this order, the court refers to the dates petitioner states he mailed his state habeas petitions, as opposed to the dates such petitions were filed, because under the "mailbox rule," that is the date such petitions are deemed filed for the purpose of calculating timeliness under 28 U.S.C. § 2244(d). See Anthony v. Cambra, 2365 F.3d 568, 575 (9th Cir. 2000).

[4] In rare instances, not presented by the instant petition, the limitation period may run from a date later than the date on which the judgment became final. See U.S.C. §§

Order Granting Respondent's Motion to Dismiss
G:\PRO-SE\SJ.Rmw\HC.06\Noble114mtdtim.wpd        2

Where, as here, the petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitation period begins on the date the ninety-day period defined by Supreme Court Rule 13 expires. <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002). The California Supreme Court denied review of petitioner's judgment on April 21, 2004. The judgment became "final" for purposes of AEDPA 90 days later, on July 20, 2004. The instant petition was not filed until November 16, 2006, over two years later. Thus, absent tolling the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" <u>Dictado v. Ducharme</u>, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)).

Here, petitioner's first state habeas petition was mailed to the Santa Clara County Superior Court on June 23, 2005, 27 days before the limitations was set to expire, on July 20, 2005. The parties agree that the limitations period was then tolled under § 2244(d)(2) while that first state petition was pending in the superior court. When the superior court denied the petition five days later, on July 25, 2005, the limitations period recommenced. Petitioner did not file his next state habeas petition until September 8, 2005, 45 days later, by which time the limitations period had already expired.

Petitioner argues that he is entitled to tolling under § 2244(d)(2) during the gap between his first and second state habeas petitions in the superior court. In limited circumstances, the limitation period is tolled under § 2244(d)(2) during gaps between state habeas petitions. Such so-called "gap tolling" is available between a lower court

---

2244(d)(1)(B)-(D). There is no argument, or any apparent basis, for applying 28 U.S.C. §§ 2254(d)(1)(B)-(C), in this case. Section 2254(d)(1)(D) allows the one-year limitation period to start on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner does not argue that this section applies to this case. The court nevertheless notes that the allegations of "newly discovered evidence" in the petition do not warrant application of 28 U.S.C. § 2244(d)(1)(D) because such "evidence" merely consists of arguments based on evidence already provided before and during trial, or based on facts easily discoverable via due diligence.

decision and the filing of a subsequent state petition in a *higher* level of the state courts, while a California petitioner "complete[s] a full round of [state] collateral review."  See Carey v. Saffold, 526 U.S. 214, 220-25 (2002); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).  However, "[e]ach time a petitioner files a new habeas petition at the same or a lower level, as petitioner did here, the subsequent petition . . . .triggers an entirely separate round of review."  Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir.2003).  There is no gap tolling between such successive "rounds" of state habeas petitions, meaning that there is no gap tolling between successive state habeas petitions filed in the same or lower level state court.  Id. at 821; Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (no gap tolling between successive petitions filed in California Supreme Court).  Under this rule, petitioner is not entitled to gap tolling between his first and second superior court habeas petitions.

The Ninth Circuit has recognized an exception to this rule, however, allowing gap tolling between successive "rounds" of state habeas petitions, when two conditions are met:

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition.  If not, these petitions constitute a "new round" and the gap between the rounds is not tolled.  But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making "proper use of the state court procedures," and his application is still "pending" for tolling purposes.  We thus construe the new petitions as part of the first "full round" of collateral review.  We then ask whether they were ultimately denied on the merits or deemed untimely.  In the former event, the time gap between the petitions is tolled; in the latter event it is not.

King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).  The exception set forth in King is inapplicable in this case because petitioner's second superior court petition was not "limited to an elaboration of the facts relating to the claims in the first petition."  Id.  Rather, the second superior court petition added two entirely new claims that were not in the first superior court petition, namely (1) that he received ineffective assistance of appellate counsel, and (2) that cumulative error violated his right to due process.

Order Granting Respondent's Motion to Dismiss
G:\PRO-SE\SJ.Rmw\HC.06\Noble114mtdtim.wpd        4

1  (Compare Resp. Ex. 3 at 1-62 with Resp. Ex. 5 at 3-6, 48.[5]) As the second superior court
2  petition added two new claims, it was clearly not "limited to an elaboration of the facts"
3  in the first petition, and as such the exception in King does not apply.
4       Petitioner argument that the exception in King applies because his second superior
5  court petition was an attempt to "cure the deficiencies" in the first petition is contradicted
6  by the record. (Opposition at 3-6.) The second superior court petition, in addition to
7  including two entirely new claims, repeated all but one of the claims that had been raised
8  in the first superior court petition, including the claims that the superior court had
9  dismissed because such claims should have been raised on direct appeal.[6] (Resp. Ex. 4
10 (citing In re Harris, 5 Cal. 4th 813, 825, 829 (1993)); see also Resp. Exs. 3, 5.) Based on
11 this repetition of the previously-rejected claims, the superior court denied the second
12 petition as "successive," "duplicative" and suffering "from the same deficiencies" as the
13 first petition. (Resp. Ex. 6.) Under these circumstances, the second superior court
14 petition not attempt "to correct the deficiencies" in the first petition. See King, 340 F.3d
15 at 823. Consequently, petitioner is not entitled to gap tolling between the first and second
16 petitions he filed in superior court. See, e.g., id. (where petitioner's second round of
17 petitions did not attempt to correct his prior petition, petitioner fails first prong of test and
18 no gap tolling between first and second round of state petitions).
19      As discussed above, the limitations period expired prior to petitioner's filing his
20 second superior court petition.[7] The state habeas petitions that petitioner filed after the

---

[5] Respondent's Exhibits 3 and 5 are petitioner's first and second superior court habeas petitions, respectively. Each of the petitions consist of a form petition, a brief attached thereto setting forth petitioner's numerous claims, and numerous exhibits. The form petitions and the attached briefs each contain their own separate pagination. Here, the court cites to the page numbers of the briefs, not the form petitions.

[6] These were claims of insufficient evidence, newly discovered evidence, and Confrontation Clause violations. (Resp. Ex. 4.)

[7] There is no authority to support petitioner's alternative argument that his first superior court petition was still "pending" during the time he could appeal the superior court's decision.

Order Granting Respondent's Motion to Dismiss
G:\PRO-SE\SJ.Rmw\HC.06\Noble114mtdtim.wpd    5

limitations period expired do not toll the limitations period. <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").  As a result, the instant petition is not rendered timely by tolling under 28 U.S.C. § 2244(d)(2).  Further, although equitable tolling may be available in limited cases, there is no argument or indication that petitioner is entitled to equitable tolling in this case.  As the instant petition was filed after the limitations period expired, and there is no basis for tolling, the instant petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (docket no. 16) is GRANTED.  The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1).  The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: 8/8/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge