UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILBERT NOBLE,<br><br>Petitioner,<br><br>v.<br><br>DARREL G. ADAMS, Warden,<br><br>Respondent. | Case No. 5:06-cv-07114-RMW<br><br>**ORDER GRANTING MOTION TO STAY FEDERAL PROCEEDINGS PENDING FURTHER EXHAUSTION**<br><br>Re: Dkt. Nos. 51, 52 |

Petitioner Wilbert Noble, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Through his counsel, petitioner now moves to stay the federal habeas proceedings so that he may exhaust state court remedies for two new claims. Dkt. No. 51.[1] For the reasons below, the court grants petitioner's request to stay these proceedings.

**I.   BACKGROUND**

Following a jury trial in the Superior Court of California, County of Santa Clara, petitioner was convicted on charges of molesting the 12-year-old grandson of petitioner's wife. The superior court imposed an aggregate prison sentence of 130 years to life, and the California Court of

---

[1] Petitioner's unopposed motion to file a brief exceeding 25 pages, Dkt. No. 52, is GRANTED. The court notes, however, that portions of petitioner's brief were unnecessarily repetitive. Moving forward, the court expects that the parties will follow the Civil Local Rules of this court regarding page limits.

Appeal upheld the conviction and sentence. The conviction and sentence became final for purposes of the Anti–Terrorism and Effective Death Penalty Act (AEDPA) on July 20, 2004, when the time to petition for certiorari to the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner, proceeding *pro se* following his state court appeal, mailed a first petition for a writ of habeas corpus to the Santa Clara County Superior Court on June 23, 2005. The superior court denied that petition on July 25, 2005 on the grounds that several of petitioner's claims were procedurally barred because they could have been raised on direct appeal, and others failed to state a prima facie case for relief. Petitioner mailed a second petition for a writ of habeas corpus to the same superior court on September 8, 2005. The second petition re-alleged the same substantive claims as the first petition but also added a claim that petitioner's prior appellate counsel had rendered ineffective assistance by failing to raise those claims on direct appeal. The superior court denied the second petition on October 28, 2005. On December 8, 2005, petitioner mailed a petition for a writ of habeas corpus to the California Court of Appeal raising the same claims as the prior petitions. The court of appeal denied the petition on February 1, 2006. On February 15, 2006, petitioner mailed a petition for a writ of habeas corpus raising the same claims as the prior petitions to the California Supreme Court. The California Supreme Court denied the petition on October 18, 2006.

Petitioner filed his federal habeas petition pursuant to 28 U.S.C. § 2254 in this court on November 16, 2006. This court dismissed the petition as untimely on August 12, 2008. Dkt. No. 18. In an order dated April 19, 2012, the Ninth Circuit Court of Appeals vacated this court's ruling and remanded the case for determination in the first instance whether, under California law, petitioner filed his petition in the California Court of Appeal within a reasonable time after the denial of his first petition in the superior court. *Noble v. Adams*, 676 F.3d 1180 (9th Cir. 2012).

After the case was remanded, petitioner submitted a brief on the timeliness issue on April 10, 2015. Dkt. No. 36. In response, however, respondent waived the timelines issue and proceeded to answer petitioner's claims on the merits. Dkt. No. 40-1 at 1. Rather than file a traverse to the

1 state's answer, petitioner filed the instant motion to stay the federal habeas proceedings to permit
2 him to return to state court to exhaust additional claims. Dkt. No. 51. Respondent filed an
3 opposition, Dkt. No. 55, and petitioner filed a reply, Dkt. No. 56.

## II.   ANALYSIS

State prisoners who wish to use federal habeas proceedings to challenge either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The exhaustion doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See id.; Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rhines v. Webber*, 544 U.S. 269, 273 (2005).

Petitioner requests a stay of federal proceedings so that he can exhaust two arguments at the state level that he did not previously include in either his state or his federal habeas petitions. First, petitioner asserts that while the preliminary hearing evidence and accusatory pleading indicated that the charged crimes occurred between January and May 2002, on the eve of trial the prosecution amended the information and subsequently presented trial testimony indicating that the charged crimes took place between roughly July and November 2001. Petitioner asserts that his defense had relied on the timing of the allegations against him and argues that the last-minute change in timing violated his due process rights. Second, petitioner argues that his appellate counsel's failure to raise the timing issue constituted ineffective assistance of counsel.

There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay. Petitioner requests a stay under both theories.

**A.    Motion for a Stay Under *Rhines***

A stay under *Rhines v. Weber* "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. 544 U.S. at 277–78. Such a stay must be limited in time to avoid indefinite delay. *Id.* The U.S. Supreme Court cautioned district courts against being too liberal in allowing stays because a stay potentially "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277.

Citing *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014), petitioner argues that his lack of counsel during state habeas proceedings constitutes good cause for his failure to exhaust his claims related to the variance between the preliminary hearing and trial testimony regarding the timeframe of the charged crimes. The *Blake* Court found that evidence of the petitioner's abusive upbringing and history of mental illness that his post-conviction counsel reasonably could have discovered but failed to investigate, discover, and present to the state courts was sufficient to support a showing of good cause. 745 F.3d at 982–84. The Ninth Circuit explained that "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure" to exhaust. *Id.* at 982. The *Blake* Court warned, however, that "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—did not satisfy the good cause requirement." *Id.* at 981.

Respondent cites three cases for the proposition that lack of habeas counsel is insufficient to show good cause under *Rhines*. Dkt. No. 55 at 3-4. *See Cartwright v. Gipson*, No. 1:13-cv-00463-AWI-SAB (HC), 2013 WL 3968443, at *1 (E.D. Cal. July 31, 2013) ("pro se status and ignorance of the law is insufficient to demonstrate good cause"); *Hernandez v. California*, No. C 08-4085 SI (pr), 2010 WL 1854416, at *2 (N.D. Cal. May 6, 2010) (limited education and lack of attorney constitute "routine circumstances for prisoner-petitioners and do not amount to good cause for failing to exhaust"); *Smith v. Giurbino*, No. 06cv700 IEG (CAB),

2008 WL 80983, at *2 (S.D. Cal. 2008) ("lack of legal knowledge and self-representation do not, in and of themselves, constitute good cause"). While it is true that these cases predate *Blake*, the *Blake* Court did not purport to address whether *pro se* status during state habeas proceedings, without more, constitutes good cause for failure to exhaust claims under *Rhines*.

In the instant case, the court is not persuaded by petitioner's argument that a lack of counsel during state habeas proceedings constitutes good cause for petitioner's failure to exhaust his claims earlier. Petitioner's declaration indicates that several of his previous "habeas claims related to the many inconsistencies in the boy's accounts, including inconsistencies and other contradictions in the timeline of the charged incidents." Dkt. No. 51-1 (Noble Dec.) ¶ 22. This suggests that petitioner knew of the facts underlying the alleged timeline-related due process violations during state habeas proceedings, but he failed to raise them. "[W]here a petitioner was well aware of the factual basis of claims that could have been raised and exhausted in the state courts before petitioner filed a federal habeas petition, 'good cause' for a stay may not have been shown under *Rhines*." *Davis v. Biter*, No. 12-CV-3001-BEN-BLM, 2014 WL 2894975, at *8 (S.D. Cal. June 25, 2014) (citation omitted). While a lack of habeas counsel could constitute good cause for a stay in some instances, in this case, petitioner's assertion that he did not know that he could bring a due process or ineffective assistance claim amounts to little more than "unjustified ignorance" of the law. *See Blake*, 745 F.3d at 981.

Because the court finds that petitioner has not shown good cause for a stay under *Rhines*, the court need not address whether petitioner's claims are potentially meritorious or whether the motion for a stay is dilatory.

### B. Motion for a Stay Under *King/Kelly*

The *King/Kelly* stay is an alternative method to deal with a petitioner who has some unexhausted claims. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later

amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070–71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141–43.

The parties do not dispute that petitioner's federal habeas petition, as filed, does not contain any unexhausted claims, so the first requirement for a *King/Kelly* stay is met. Accordingly, petitioner "satisfies the only currently applicable requirement for a *King/Kelly* stay, i.e., that his petition has no unexhausted claims." *Pena v. Gipson*, No. C 12–1111 SI (pr), 2012 WL 2873685, at *2 (N.D. Cal. July 12, 2012). The court can decide whether the claims on the timing of the charged crimes relate back to the petition when petitioner returns after exhausting state court remedies and moves to amend his petition to add those newly-exhausted claims. *See id.*

Respondent's opposition brief focuses only on the propriety of a stay under *Rhines* and does not argue that a *King/Kelly* stay would be inappropriate in this case. Accordingly, petitioner's motion for a stay will be granted.

### III. ORDER

For the foregoing reasons, petitioner's motion for a stay is GRANTED. This action is now STAYED, and the clerk shall ADMINISTRATIVELY CLOSE the action. Petitioner shall file either a motion to recall the remittitur or a state habeas corpus petition in the California courts within 30 days of the date of this order. Nothing further will take place in this action until petitioner exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay, and amend his petition to add any new claims. Petitioner must act diligently to proceed with his state filings and promptly return to federal court after his state court proceedings have concluded.

//

**IT IS SO ORDERED.**

Dated: March 23, 2016

_____
Ronald M. Whyte
United States District Judge